IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN A.W. DE JARAY, PERIENNE DE JARAY, DARREL R. OSWALD**, and **APEX-MICRO MANUFACTURING CORPORATION**,<br><br>Plaintiffs,<br><br>v.<br><br>**LATTICE SEMICONDUCTOR CORPORATION**,<br><br>Defendant. | Case No. 3:19-cv-86-SI<br><br>**CORRECTED ORDER ON MOTION TO COMPEL RULE 30(B)(6) WITNESS TO TESTIFY** |

Joshua Berman, Elizabeth A. Moore, Zachary D. Melvin, Laura Logsdon, and Rita A. Fishman, PAUL HASTINGS LLP, 200 Park Avenue, New York, NY 10166; Isaac S. Glassman and Kimberly Anne Havlin, WHITE & CASE LLP, 1221 Avenue of the Americas, New York, NY 10020; Scott T. Weingaertner, GOODWIN PROCTER LLP, 620 Eighth Avenue, New York, NY 10018; and Timothy S. DeJong, Lydia Anderson-Dana, and Elizabeth K. Bailey, STOLL STOLL BERNE LOKTING & SHLACHTER PC, 209 SW Oak Street, Suite 500, Portland, OR 97204, Of Attorneys for Plaintiffs.

Derek F. Foran, STEPTOE LLP, One Market Plaza, Steuart Tower, Suite 1070, San Francisco, CA 94105; Geoffrey L. Warner, STEPTOE LLP, 633 West Fifth Street, Suite 1900, Los Angeles, CA 90071; Andrew J. Sloniewsky, STEPTOE LLP, 1330 Connecticut Avenue NW, Washington, D.C. 20036; James P. Bennett and Wendy J. Ray, THE NORTON LAW FIRM PC, 299 Third Street, Suite 200, Oakland, CA 94607; and Nicholas F. Aldrich Jr., Scott D. Eads, and Jason A. Wrubleski, SCHWABE, WILLIAMSON & WYATT, PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

*This Corrected Order supersedes the Court's Order on Motion to Compel Rule 30(b)(6) Witness to Testify (ECF 438). Only non-substantive corrections have been made.*

Before the Court is Plaintiffs' motion for an order compelling Defendant's designated Rule 30(b)(6) deposition witness to appear at trial and answer Plaintiffs' questions on the same topics about which he was questioned during his Rule 30(b)(6) deposition. That person is within the Court's geographic subpoena power, and Defendant's counsel has accepted a trial subpoena on his behalf. Defendant, however, maintains that this individual lacks any personal knowledge of relevant events and thus may not testify at trial under the Rule 602 of the Federal Rules of Evidence. That rule provides, in relevant part: "A witness may testify to a matter *only* if evidence is introduced sufficient to support a finding that the witness has *personal knowledge* of the matter." Fed. R. Evid. 602 (emphasis added). The pending motion reveals a tension among Rules 30(b)(6) and 32(a)(3) of the Federal Rules of Civil Procedure and Rules 602 and 801(d)(2)(C) of the Federal Rules of Evidence.

## BACKGROUND[1]

Although this action mostly involves events that occurred between 2003 and 2011, Plaintiffs filed their lawsuit in state court in December 2018. Defendant Lattice Semiconductor Corporation (Lattice) timely removed the case to federal court the following month. During discovery, Plaintiffs deposed many witnesses with relevant personal knowledge, including former employees of Lattice.[2] After taking these depositions, Plaintiffs served Lattice with a

---

[1] This section describes only the background facts pertinent to the pending motion. For a more comprehensive recitation of the background facts relevant to this lawsuit, *see* Order on Motions in Limine, ECF 432 at 2-5 (Background).

[2] The former employees who were deposed include: Steve Skaggs (former CEO of Lattice 2005-2008); Darin Billerbeck (former CEO of Lattice 2011-2017); Kirstin Fredrickson

PAGE 2 – CORRECTED ORDER ON MOTION TO COMPEL RULE 30(b)(6) WITNESS

notice of deposition of corporate representative. Lattice designated Taylor Engers to testify on its behalf. Mr. Engers has been employed by Lattice only since 2018. From 2018 to 2023, he served as Lattice's Corporate Counsel. From 2023 to the present, he has served as Lattice's Senior Corporate Counsel. ECF 422.

On March 25, 2022, Plaintiffs took the deposition of Mr. Engers' as Lattice's Rule 30(b)(6) corporate representative. Mr. Engers spent almost six weeks preparing for his deposition, which included reviewing 30 binders of exhibits, which also were available to him during his deposition. In addition, Mr. Engers' preparation included reviewing the deposition testimony of former Lattice employees who had already been deposed, along with the exhibits to those depositions. ECF 430 ¶ 2.[3]

As part of their pretrial filings, the parties' have submitted excerpts from the depositions of 12 witnesses for presentation to the jury in lieu of live testimony. One of these witnesses is Mr. Engers, although Plaintiffs would prefer to question Mr. Engers in person at trial. The Court has reviewed all designated excerpts and resolved all objections raised by the parties. ECF 433.

In reviewing the designated excerpts from the deposition of Mr. Engers (ECF 424-6), the Court notes several occasions when Mr. Engers responds to a question from Plaintiffs' counsel by saying that he does not know the answer. Plaintiffs have designated most of those instances for presentation to the jury. Lattice, however, objects to many of those designations, asserting

---

(former Corporate Compliance Manager); Bob Henry (former Shipping and Inventory Manager); Ed Markiewicz (former Vice President of North American Sales); Byron Milstead (former General Counsel); Scott Roberts (former Regional Sales Manager); and Jennifer Sakelson (former Customer Service Representative). ECF 430 ¶ 3.

[3] After Mr. Engers' deposition, Plaintiffs deposed two additional former employees of Lattice: Michael Gariepy (former Vice President of Reliability and Quality Relations) and Robert Alvarado (former Senior Director of Manufacturing Engineering). ECF 430 ¶ 4.

PAGE 3 – CORRECTED ORDER ON MOTION TO COMPEL RULE 30(b)(6) WITNESS

that the question was beyond the scope of the noticed topics. Although the parties did not provide the Court with a copy of the notice of deposition topics, the Court nonetheless sustained many of Lattice's objections when Mr. Engers responded by saying that he did not know the answer to the question being asked.

The Court ruled this way primarily for two reasons. First, Plaintiffs never filed a motion to compel Lattice to produce a witness with sufficient knowledge to answer those questions; nor did Plaintiffs file a motion seeking sanctions for improper designation of a corporate representative.[4] From this, the Court inferred that either the notice did not contain "painstaking specificity" about the topics at issue[5] or the answers to those questions were not sufficiently important to Plaintiffs to warrant such a motion. Second, the Court concluded that having the jury hear a Rule 30(b)(6) witness respond that he did not know the answers to certain questions would not have sufficient probative value when weighed against the substantial risk of wasting time or confusing the jury. *See* Fed. R. Evid. 403.

## DISCUSSION

Rule 30(b)(6) is a discovery tool. As U.S. District Judge Marsha Pechman in the Western District of Washington explained:

---

[4] *See Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) ("By refusing to provide any person other than its claims director, defendant failed to make a complete designation and produce knowledgeable witnesses as required by Rule 30(b)(6). Even if defendant in good faith thought that the claims director would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation became apparent during the course of the deposition."); *see also Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1213 (11th Cir. 2015) (affirming sanctions of $850,000 for producing a Rule 30(b)(6) witness who was prepared "with only the self-serving half of the story").

[5] As this court explained elsewhere, to allow Rule 30(b)(6) to effectively function, "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned." *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015) (quotation marks and citation omitted).

> Plaintiff asserts that the duties of Defendant's corporate deponent extend beyond discovery. This is incorrect. FRCP 30(b)(6) is a discovery rule applicable when a party wishes to depose an organization. Under the rule, the deposing party describes the subject matter of the proposed deposition, and the organization produces the person(s) competent to testify on the described subject; *i.e.*, the corporate deponent. Here, Plaintiff conducted two depositions of Defendant's corporate deponent. At that point, Defendant's obligations under FRCP 30(b)(6) were fulfilled; *the rule contains no language compelling the corporate deponent's testimony at trial*.

*Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) (emphasis added). This point was repeated in *Bell v. Boeing Co.*, 2022 WL 1607935, at *5 (W.D. Wash. May 20, 2022), when the court, after quoting *Roundtree*, held that the plaintiff could not compel the defendant's Rule 30(b)(6) witness "to testify during his case-in-chief." The court added, however, that "this does not prevent Bell from introducing [the Rule 30(b)(6)] deposition testimony as substantive proof during his case-in-chief." *Id.*, citing Fed. R. Civ. 32(a)(3).

Indeed, Rule 32(a)(3) expressly provides that a deposition taken pursuant to Rule 30(b)(6) may be used by the adverse party at trial. Rule 32(a)(3) states:

> An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, *or designee under Rule 30(b)(6)* or 31(a)(4).

Fed. R. Civ. P. 32(a)(3) (emphasis added). Although a corporate designee who testifies pursuant to Rule 30(b)(6) might not (and probably won't) have personal knowledge of the matters about which he or she is testifying, Rule 32(a)(3) expressly allows the use of that deposition at trial. Moreover, Rule 801(d)(2) of the Federal Rules of Evidence provides that a statement made by a party opponent, either in a representative capacity or through a person authorized to make that statement, is not hearsay. Fed. R. Evid. 801(d)(2)(A), (C). This adds further support for allowing a corporation's statement made pursuant to Rule 30(b)(6) to be used at trial, notwithstanding Rule 602.

PAGE 5 – CORRECTED ORDER ON MOTION TO COMPEL RULE 30(b)(6) WITNESS

But if a corporate representative designated to speak for the corporation at a deposition taken under Rule 30(b)(6) is otherwise within the geographic subpoena power of the court, should Rule 602 preclude the adverse party from calling that witness live at trial and asking the same questions that were asked at deposition, even though the answers are not within the personal knowledge of that witness? In a case in the Northern District of California, U.S. District Judge Jon Tigar allowed the plaintiffs to call at trial for live testimony an officer of the defendant whom the defendant previously had designated to give deposition testimony under Rule 30(b)(6). The defendant sought to prevent that person from giving live testimony on the grounds that the witness lacked personal knowledge. Rejecting that argument, Judge Tigar stated:

> The Court has examined the authorities cited by the parties and agrees with those courts that see no prejudice in allowing a 30(b)(6) witness to testify live at trial. Such a witness "should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006). At least two other courts in this district, following *Brazos*, have come to the same conclusion. *See Corcoran v. CVS Pharmacy, Inc.*, No. 15-cv-03504-YGR, 2021 WL 633809, at *7 (N.D. Cal. Feb. 18, 2021) ("It is this Court's view that persons who have been designated to testify on behalf of the corporation may be examined on specifically articulated topics whether the representative obtained the information by personal experience or upon investigation in their corporate capacity."); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK (N.D. Cal. Jan. 8, 2019), ECF No. 1196 at 2 ("Johnson should be allowed to testify as to the matters to which he testified in his Rule 30(b)(6) deposition.").

*Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *14 (N.D. Cal. Mar. 31, 2021).

In another case that also cited *Brazos*, a corporate defendant moved for summary judgment and submitted a declaration from one of its officers, who previously sat for a deposition in that case as the corporate representative under Rule 30(b)(6). The plaintiff moved to strike the declaration on the grounds that it failed to comply with Rule 56(c)(4) of the Federal

PAGE 6 – CORRECTED ORDER ON MOTION TO COMPEL RULE 30(b)(6) WITNESS

Rules of Civil Procedure and Rule 602 of the Federal Rules of Evidence, both of which require testimony based on personal knowledge. The defendant responded that this witness previously had been designated as a corporate representative and had his deposition taken under Rule 30(b)(6). U.S. District Judge Robert Dow denied the motion to strike and concluded that the declaration was admissible. Judge Dow explained:

> Although Plaintiff is correct that Rule 30(b)(6) by its terms refers only to depositions, courts have held that a Rule 30(b)(6) witness may testify at trial "as to matters within corporate knowledge to which he testified in deposition." *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir.2006). That is, a Rule 30(b)(6) witness may testify both in a deposition and at trial to matters as to which she lacks personal knowledge, notwithstanding the requirements of Federal Rule of Evidence 602. *The Court discerns little principled distinction between allowing a Rule 30(b)(6) witness to testify at trial without personal knowledge and allowing him to testify via affidavit at the summary judgment stage without personal knowledge*, particularly where the witness's Rule 30(b)(6) deposition expressly reaffirmed the accuracy of the affidavit.

*Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 921 (N.D. Ill. 2014) (emphasis added).

Both Judge Tigar in *Shenwick* and Judge Dow in *Healthsystem* cited the Fifth Circuit's decision in *Brazos*. In that case, the Fifth Circuit stated:

> Although there is no rule requiring that the corporate designee testify "vicariously" at trial, as distinguished from at the rule 30(b)(6) deposition, *if the corporation makes the witness available at trial he should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge.*

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006) (emphasis added).

Based on *Brazos*, if a corporate party makes a witness available at trial, that party should not be able to offer that witness only for what that party seeks and preclude the adverse party from

PAGE 7 – CORRECTED ORDER ON MOTION TO COMPEL RULE 30(b)(6) WITNESS

asking the same questions at trial that the adverse party asked at the Rule 30(b)(6) deposition. *Brazos* says nothing more on this point.

The Court recognizes that some cases from the Western District of Washington appear to go in a different direction than do some cases from the Northern District of California. (The only thing that everyone agrees on is that the Ninth Circuit has not yet addressed this issue.) In resolving the question in the pending case, the Court is persuaded by two points. First, the Court recognizes that Rule 30(b)(6) can impose a substantial burden on the responding party to ensure that its designated witness or witnesses are fully prepared to answer at deposition all properly noticed questions, *i.e.*, when the questions have been noticed sufficiently in advance and with "painstaking specificity." Depending on the complexity of the noticed topics and the personal knowledge (or not) of available corporate witnesses, that can present a serious burden to the responding party. Further, nothing in the text of any rule, including Rule 30(b)(6), directs that such a burden be repeated for trial by the responding party at the request of the propounding party. Second, as Judge Tigar described in his *Shenwick* decision, a court contemplating allowing an adverse party to call an opponent's Rule 30(b)(6) witness to testify live at trial should consider any unfair "prejudice" that might result. *See Shenwick*, 2021 WL 1232451, at *14.

As noted, Mr. Engers spent almost six weeks preparing to answer Plaintiffs' questions for his Rule 30(b)(6) deposition. Mr. Engers reviewed 30 binders of exhibits plus transcripts from the depositions already taken of Lattice's former employees. As also noted, nothing in Rule 30(b)(6) (or any other rule) requires that Lattice (or Mr. Engers) repeat such a burden for trial, especially when trial is scheduled to begin in less than two weeks, as is the case here.

Plaintiffs, however, may respond that Mr. Engers need not entirely repeat his burdensome preparation because Plaintiffs have agreed to limit their questions only to what they previously

asked during Mr. Engers' deposition. The transcript from Mr. Engers' deposition, however, is 242 pages long. ECF 424-6. It would be unfair to Mr. Engers (and Lattice) if Mr. Engers were inadvertently to testify differently at trial than he testified during his deposition and then be impeached with his prior inconsistent deposition statements. Thus, Mr. Engers likely would need to be thoroughly conversant with the answers that he gave almost two years ago, when his deposition was taken on March 25, 2022. *Id*. Moreover, because he did not begin working at Lattice until 2018 and the relevant events mostly took place between 2003 and 2011, Mr. Engers, who has no personal knowledge of the relevant facts, likely would need to relearn much of what he spent so much time previously learning for a deposition taken almost two years ago. Plaintiffs also may respond that Mr. Engers need not master the entirety of his 242-page deposition transcript but could focus only on those portions designated (and cross-designated) by the parties. That, however, is still a substantial burden given the complexity of the issues.

Finally, as also noted, several answers given by Mr. Engers at his Rule 30(b)(6) deposition that Plaintiffs have designated for use at trial were simply him saying that he did not know the answer to the question being asked. Plaintiffs may want to present these non-substantive responses to the jury, but as previously discussed, they are not particularly probative of any fact at issue and will likely waste the jury's time or confuse the jury. And, as already mentioned, if these were the sorts of questions that Lattice should have prepared its Rule 30(b)(6) witness to answer substantively, Plaintiffs likely would have filed a motion to compel or for sanctions. Because Plaintiffs did not do that, however, the Court will not now impose the burden on Mr. Engers to relearn the substantive answers that he already gave almost two years ago so that he can fairly repeat those answers live in front of the jury. Similarly, the Court will not require Mr. Engers to sit in the courtroom in front of the jury and simply repeat

that he does not know something when Plaintiffs ask a question to which he does not know the answer, especially when Plaintiffs already know that Mr. Engers does not know the answer.

## CONCLUSION

The Court DENIES Plaintiffs' Motion to Compel Taylor Engers to Testify at Trial Regarding 30(b)(6) Topics. ECF 404.

**IT IS SO ORDERED**.

DATED this 18th day of January, 2024.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge