# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN A.W. DE JARAY,**<br>**PERIENNE DE JARAY,**<br>**DARRELL R. OSWALD**, and<br>**APEX-MICRO MANUFACTURING**<br>**CORPORATION**, | Case No. 3:19-cv-86-SI<br><br>**ORDER ON DEFENDANT'S**<br>**OBJECTIONS TO PLAINTIFFS'**<br>**ITEMIZED SPECIAL DAMAGES** |
| Plaintiffs, | |
| v. | |
| **LATTICE SEMICONDUCTOR**<br>**CORPORATION**, | |
| Defendant. | |

Joshua Berman, Elizabeth A. Moore, Zachary D. Melvin, Laura Logsdon, and Rita A. Fishman, PAUL HASTINGS LLP, 200 Park Avenue, New York, NY 10166; Isaac S. Glassman and Kimberly Anne Havlin, WHITE & CASE LLP, 1221 Avenue of the Americas, New York, NY 10020; Scott T. Weingaertner, GOODWIN PROCTER LLP, 620 Eighth Avenue, New York, NY 10018; and Timothy S. DeJong, Lydia Anderson-Dana, and Elizabeth K. Bailey, STOLL STOLL BERNE LOKTING & SHLACHTER PC, 209 SW Oak Street, Suite 500, Portland, OR 97204, Of Attorneys for Plaintiffs.

Derek F. Foran, STEPTOE LLP, One Market Plaza, Steuart Tower, Suite 1070, San Francisco, CA 94105; Geoffrey L. Warner, STEPTOE LLP, 633 West Fifth Street, Suite 1900, Los Angeles, CA 90071; Andrew J. Sloniewsky, STEPTOE LLP, 1330 Connecticut Avenue NW, Washington, D.C. 20036; James P. Bennett and Wendy J. Ray, THE NORTON LAW FIRM PC, 299 Third Street, Suite 200, Oakland, CA 94607; and Nicholas F. Aldrich Jr., Scott D. Eads, and Jason A. Wrubleski, SCHWABE, WILLIAMSON & WYATT, PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiffs Steven A.W. de Jaray, Perienne de Jaray, Darrell R. Oswald, and Apex-Micro Manufacturing Corporation (Apex) (collectively, Plaintiffs) have filed a statement of Plaintiffs' Itemized Special Damages, listing four claims of special damages. ECF 312. The first claim relates to Perienne de Jaray's request to recover "lost Apex earnings" in the amount of $518,238. The second claim relates to Apex's request to recover "lost business value" in the amount of $83,301,386. The third claim relates to Steven de Jaray's request to recover the "lost value" of certain real property in Whistler, Canada in the amount of $874,868. The fourth claim relates to Steven de Jaray's request to recover for the loss of use and repair costs for his laptop computer in the amount of $1,020. Defendant Lattice Semiconductor Corporation (Lattice) has filed objections to each of these four claims. ECF 336. Plaintiffs then responded to Lattice's objections. ECF 365. This Order addresses Lattice's objections to Plaintiffs' statement of itemized special damages.

## DISCUSSION

### A.  Perienne de Jaray's Lost Apex Earnings

Perienne de Jaray seeks to recover $518,238 as lost Apex earnings. She identifies as her support for this item of special damages "Justin Lewis' expert witness testimony and report, including documents cited therein." ECF 312 at 2. On January 22, 2024, the Court granted Lattice's motion to exclude the testimony of Mr. Lewis as it relates to his opinion regarding Perienne de Jaray's claim for lost earnings and wages. ECF 444 at 11-15. For the same reasons, the Court now SUSTAINS Lattice's objection to this portion of Plaintiffs' statement of itemized special damages.

**B.  Apex-Micro Manufacturing Corporation's Lost Business Value**

Apex seeks to recover $83,301,386 in lost business value. Apex identifies as its support for this item of special damages "Justin Lewis' expert witness testimony and report, including documents cited therein." ECF 312 at 2. On January 22, 2024, the Court denied Lattice's motion Lattice's motion to exclude the testimony of Mr. Lewis as it relates to his opinion regarding the lost business value of Plaintiff Apex-Micro Manufacturing Corporation. ECF 444 at 6-11. For the same reasons, the Court now OVERRULES Lattice's objection to this portion of Plaintiffs' statement of itemized special damages.

**C.  Steven de Jaray's Lost Value of Certain Real Property in Whistler, Canada**

Steven de Jaray seeks to recover $874,868 as the lost value of certain real property located in Whistler, Canada. He identifies as his support for this item of special damages his anticipated trial testimony and a written valuation of the "Thornhill property" contained in Plaintiffs' Trial Ex. 272, at BHB 03143. The summary of Mr. de Jaray's anticipated trial testimony is contained in Plaintiffs' Lay Witness List, ECF 313 at 3-8.

Lattice objects to this portion of Plaintiffs' statement of itemized special damages. Lattice argues that Mr. de Jaray has not previously raised any damage theory associated with this real property. ECF 336 at 3. According to Lattice: "It is not mentioned in any of Plaintiffs' pleadings, initial disclosures, or interrogatory responses, or in Plaintiffs' damages expert report." *Id*. Lattice further argues that there is no Thornhill property "valuation." Instead, Plaintiffs' Trial Ex. 272, at BHB 03143 is simply an email from a realtor to Mr. de Jaray in which the realtor reports that he "walk[ed] around the outside" and "peak[ed] [*sic*] in through the living room windows" of the Whistler property and told Mr. de Jaray that "he should be able to achieve close to $1,200,000" in sale value. *Id*. Lattice adds that Mr. de Jaray "never produced any documents even evidencing the sale of the Whistler property, or for what purpose. Plaintiffs have still not disclosed any

theory as to how any such lost value (if there was any) was attributable to Lattice." *Id*. Finally,

Lattice cites *International Metaphysical Ministry, Inc. v. Wisdom of Heart Church*, 2022 WL

19691043, at *4 and *6 (N.D. Cal. Dec. 19, 2022), for the proposition that a court may exclude

in limine an untimely damages theory not disclosed in the initial disclosures that are required

under Rule 26(a) of the Federal Rules of Civil Procedure. *Id*.

        Plaintiffs respond that in ECF 26, at 35 and 37, they disclosed:

> Lattice's fraud caused Plaintiffs to be latently vulnerable to
> criminal prosecution, which government authorities acted upon to
> harm Plaintiffs' reputations, businesses, and other property.

ECF 365, citing ECF 26 at 35, 37. Plaintiffs add:

> As a result of Lattice's conduct, Mr. de Jaray was forced to put up
> his Whistler, Canada property to secure additional credit for Apex
> from the Bank of Montreal. In an August 18, 2009 affidavit
> Mr. de Jaray filed with the Bank of Montreal, which affidavit
> Lattice included as an exhibit to its Motion to Exclude Expert
> Testimony of Justin Lewis, ECF 326-17, Mr. de Jaray explains that
> that the property had been appraised in 2006 in excess of one
> million dollars, and by 2009, the property was worth around $1.3
> million based on the recent sale price of comparable properties. *Id*.

ECF 365 at 4.

        For several reasons, Plaintiffs' response is insufficient. First, Plaintiffs' document

ECF 26 is Plaintiffs' Opposition to Lattice's Motion to Dismiss. There is nothing in that

document that refers to Mr. de Jaray's real property, let alone his real property in Whistler,

Canada, let alone any transaction that required the sale of that property below fair market value.

In this case, the parties did not waive their initial disclosure obligations. *See* ECF 58. Because

Plaintiffs did not comply with their initial disclosure obligations under Rule 26(a)(1)(A)(iii)

(requiring "a computation of each category of damages claimed by the disclosing party"),

Plaintiffs may not present this damages theory at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party

fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use

PAGE 4 – ORDER ON DEFENDANT'S OBJECTIONS TO SPECIAL DAMAGES

that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless"). Nothing here indicates that Plaintiffs' failure to disclose this information was substantially justified or harmless.

Second, Plaintiffs' damage theory regarding Mr. de Jaray's alleged loss of value from his real property in Whistler, Canada is a claim for economic loss, not property damages. The Court has already ruled that Mr. de Jaray and Lattice were *not* in a "special relationship," as a matter of law. ECF 277. Thus, Mr. de Jaray may not pursue a claim for economic damages under his negligence claims. *Id*. at 15.

Third, even under his fraud theory, damages recoverable in an action at fraud must be the direct and necessary result of a plaintiff's reliance on the allegedly false or misleading representation. *See Oksenholt v. Lederle Laboratories, a Div. of Am. Cyanamid Corp*., 294 Or 213, 222-23 (1982) ("Damages properly recoverable in an action for intentional misrepresentation are those which are a *direct and necessary result of defendant's acts or omissions*) (emphasis added). Here, Mr. de Jaray asserts that because of his reliance on Lattice's allegedly false or misleading representations about the integrated circuits at issue, Mr. de Jaray did not have Apex obtain the required export permit. He next alleges that this failure caused the Canadian authorities to indict Mr. de Jaray, which then caused him to need to put up additional collateral with the Bank of Montreal. He next alleges that when the Bank of Montreal sold Mr. de Jaray's real property, they realize about $875,000 *less* than the fair value of that property, which based solely on a casual estimate by a realtor, Mr. de Jaray estimates was worth "close to $1,200,000." This alleged economic loss is insufficiently "direct" to be recoverable. It also is unreasonably speculative.

For all these reasons, the Court SUSTAINS Lattice's objection to this portion of Plaintiffs' statement of itemized special damages.

## D.  Steven de Jaray's Loss of Use of and Repair Cost for His Laptop Computer

Steven de Jaray seeks to recover $1,020 as the value of his loss of use of and cost to repair his laptop computer that was seized by Canadian authorities and later returned allegedly damaged. He identifies as his support for this item of special damages his anticipated trial testimony. The summary of Mr. de Jaray's anticipated trial testimony is contained in Plaintiffs' Lay Witness List, ECF 313 at 3-8.

Lattice objects to this portion of Plaintiffs' statement of itemized special damages. Lattice argues that Mr. de Jaray seeks damages for the loss of use of his laptop as well as for his repair cost after it was returned to him allegedly damaged, but Mr. de Jaray offers only his testimony on this issue. Lattice adds that Mr. de Jaray produced no receipts or invoices evidencing the asserted repair cost. ECF 336 at 3.

Plaintiffs respond that the Court previously denied Lattice's Third Motion for Summary Judgment, thereby allowing Mr. de Jaray to proceed on his allegation that his personal property, including electronic devices, were damaged or seized when his house was raided by the Canadian authorities. ECF 365 at 4; *see also* ECF 277 at 10-15 (Order). Mr. de Jaray adds that under Oregon law, he may seek recovery for the lost "use and enjoyment" of his personal property, citing *Lamka v. KeyBank*, 250 Or. App. 486, 489, *abrogated on other grounds by Alfieri v. Solomon*, 358 Or. 383 (2015). Finally, Lattice provides no case law for its assertion that Mr. de Jaray must produce documentary evidence of his loss and that his testimony by itself is insufficient. The Court OVERRULES Lattice's objection to this portion of Plaintiffs' statement of itemized special damages.

**CONCLUSION**

The Court SUSTAINS IN PART AND OVERRULES IN PART Defendant Lattice Semiconductor Corporation's Objections to Plaintiffs' Itemized Special Damages (ECF 336) as stated in this Order.

**IT IS SO ORDERED**.

DATED this 22nd day of January, 2024.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge