**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**Derek F. Foran** (*pro hac vice*)
Email: dforan@steptoe.com
STEPTOE LLP
One Market Plaza
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: 415-365-6700

(Additional Counsel Shown on Signature Page)

   *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN A. W. DE JARAY, PERIENNE DE JARAY, DARRELL R. OSWALD,** and **APEX-MICRO MANUFACTURING CORPORATION**<br><br>    Plaintiffs,<br><br>   vs.<br><br>**LATTICE SEMICONDUCTOR CORPORATION**, and **JOHN** and **JANE DOES 1-20**,<br><br>    Defendants. | Case No. 3:19-cv-00086-SI<br><br><br>**DEFENDANT LATTICE SEMICONDUCTOR CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT IN LIGHT OF FILED PRETRIAL DOCUMENTS** |

## RULE 7-1 CERTIFICATION

During the January 19, 2024 evidentiary hearing on Lattice's pending *Daubert* motions, Lattice moved orally for the relief requested herein.  Plaintiffs indicated their intent to oppose and have been ordered to file their opposition brief by Wednesday, January 24.  (*See* ECF 442.)

## MOTION

Pursuant to Fed. R. Civ. P. 56, Lattice has moved for summary judgment in Lattice's favor on the remaining claims of Plaintiffs Perienne de Jaray and Darrell Oswald.

## MEMORANDUM

Perienne de Jaray is the daughter of Steven de Jaray, and worked in Apex's quotations department in 2005.  Darrell Oswald was a beneficial owner of Apex.  Following the Court's earlier summary judgment rulings, Ms. de Jaray and Mr. Oswald's only pending claims in this lawsuit are for a single count of fraud.[1]  However, neither of those plaintiffs has adduced any admissible evidence of damages, which is a required element of their claims under Oregon law.  Accordingly, Ms. de Jaray's and Mr. Oswald's claims must be dismissed.  Lattice's points and authorities are set forth herein.

## I.    LEGAL STANDARD

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the court must view the evidence in the light most favorable to the non-movant, the "mere existence of a scintilla of evidence in

---

[1] *See* SAC, ECF 256 at 21-26 (individual Plaintiffs brought claims for negligent misrepresentation and fraud); ECF 277 at 9-17 (granting summary judgment on Ms. de Jaray and Mr. Oswald's negligence-based claims).

support of the plaintiff's position [is] insufficient" to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Similarly, "[b]ald assertions that genuine issues of material fact exist are insufficient." *Galen v. County of Los* Angeles, 477 F.3d 652, 658 (9th Cir. 2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## II.    MS. DE JARAY AND MR. OSWALD'S FRAUD CLAIMS MUST BE DISMISSED BECAUSE THEY PRESENT NO ADMISSIBLE EVIDENCE OF DAMAGES

To maintain a claim for fraud, a party must show, *inter alia*, "[d]amage to the plaintiff" resulting from their reliance on a misrepresentation. *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 405-6 (1987) (en banc) (citation omitted). Accordingly, it is appropriate to dismiss a fraud claim when the plaintiff presents no evidence of damages for trial. *See, e.g., Staley v. Taylor*, 165 Or. App. 256, 263-65 (2000) (affirming JNOV on fraud claim where plaintiff failed to present evidence from which jury could determine damages); *Julian-Ocampo v. Air Ambulance Network, Inc.*, 2001 U.S. Dist. LEXIS 10986, at *11-12 (D. Or. July 27, 2001) (granting summary judgment on fraud claim where only alleged damages were for emotional distress, which were not recoverable).

### A.    Ms. de Jaray Cannot Show Damages

Plaintiffs have asserted that Ms. de Jaray suffered three forms of damages, alleging that she was injured in the form of emotional distress, reputational harms, and lost wages.[2] The Court previously disposed of Ms. de Jaray's claim for emotional distress damages in granting Lattice's Motion in Limine No. 7, which sought to exclude exactly that evidence. (*See* ECF 432 at 30.) The Court has also excluded Plaintiffs' only proffered evidence of Ms. de Jaray's

---

[2] *See, e.g.,* ECF 327-2 at 37 (Plaintiffs' damages expert opining on Ms. de Jaray's alleged lost wages); ECF 313 at 9 (witness statement asserting Ms. de Jaray suffered "severe emotional harm" and "severe reputational harm").

claimed lost wages, including because Ms. de Jaray may not recover them as a matter of law. (ECF 444 at 11-15.)

As such, the only damages Ms. de Jaray could even theoretically recover are for her alleged "reputational harms."  Under Oregon law, injuries to reputation may be characterized as either "non-economic" or "economic" damages, depending on whether they can be objectively quantified.  *See, e.g.,* Or. Rev. Stat. § 31.705(2) ("[n]oneconomic damages" includes "subjective, nonmonetary losses" like "emotional distress, humiliation, [and] injury to reputation," whereas "[e]conomic damages" includes "objectively verifiable monetary losses" including "damage to reputation that is economically verifiable").)

To the extent Ms. de Jaray alleges any non-economic reputational injury, the Court's ruling on Lattice's MiL No. 7 is dispositive as to that claim.  In its opinion, the Court collected authority supporting its conclusion that "compensatory damages in an action for fraud are limited to a plaintiff's *pecuniary* loss."  (ECF 432 at 26 (original emphasis), citing *Galego v. Knudsen*, 281 Or. 43, 51 (1978).)  For example, the Court cross-referenced the Restatement (Second) of Torts and a survey of the tort law of 17 states, all of which supported limiting recovery in the instant case to pecuniary losses only.  (ECF 432 at 26-27.)  The Court ultimately concluded:

> … as the Oregon Supreme Court stated in *Galego*, that compensatory damages in a claim for fraud, at least in a commercial context that does not involve either accompanying physical injury or injury to another protected interest, ***is limited to pecuniary damages***, especially when the fraud claim is based on the mental state of recklessness.

(*Id.* at 30 (emphasis added).)  Accordingly, the Court expressly held "that no Individual Plaintiff may recover emotional distress ***(or non-economic)*** damages under the facts alleged in this case." (*Id.* at 24 (emphasis added).)  These holdings squarely dispose of any non-pecuniary or "emotional distress-like" aspect to Ms. de Jaray's claim for reputational harms.

To the extent that Ms. de Jaray seeks to recover for any *economic* injury to her reputation, she has not adduced any evidence from which the jury could possibly quantify that amount.  For example, Ms. de Jaray claims in her witness statement that her deli and bakery failed as a result of her tarnished reputation, and that she was denied an opportunity to participate in a start-up

company.  (ECF 313 at 9-10.)  But the record is devoid of any evidence of how much Ms. De Jaray invested in those endeavors, how much she stood to gain from them, or any other meaningful metric from which a jury could quantify her alleged reputational damages.  *See* Or. Rev. Stat. § 31.705(2)(a) (economic damages must be "objectively verifiable").  This dearth of evidence alone is sufficient to find that Ms. de Jaray cannot support her claim for any "economic" reputational injuries.  *See Staley*, 165 Or. App. at 263-64 (affirming JNOV for defendant where "there was no evidence from which the jury reasonably could determine the damages plaintiff suffered as a result of their fraud"); *Tercero v. Tex. Southmost Coll. Dist.*, 2019 U.S. Dist. LEXIS 252610, at *23-25 (S.D. Tex. July 25, 2019) (plaintiff's conclusory testimony did not "provide the jury with any information with which it could calculate the lost values of these opportunities or of her earning capacity," vacating damages award).

Moreover, Plaintiffs have provided no admissible evidence showing any causal link between Ms. de Jaray's allegedly tarnished reputation and ***any*** of the economic or non-economic harms she attributes it.  There is no testimony in this case from anyone who has ever declined to go into business with Ms. de Jaray, who refused to patronize her establishment, who revoked her visa, or who could otherwise attest to the reason(s) that they allegedly visited on Ms. de Jaray the tribulations enumerated in her witness statement.  (*See* ECF 313 at 9-10.)  Plaintiffs have also produced no documentary evidence of the cause of these events.  The most Plaintiffs could hope to offer on this point would be Ms. de Jaray's own account of what others allegedly told her, which was ***not*** timely disclosed in her witness statement or Plaintiffs' other discovery and pretrial disclosures, and which in any event, would be inadmissible hearsay.  Ms. de Jaray cannot show any reputational harms for this additional, independent reason.

The Court has already ruled that Ms. de Jaray may not recover any non-economic damages, and Plaintiffs have adduced no admissible evidence from which the jury could determine any economic damages.  Ms. de Jaray's fraud claim must be dismissed.

### B.    Mr. Oswald Cannot Show Damages

Mr. Oswald does not allege that he suffered emotional distress damages, and the Court

has already ruled that he may not recover for injuries to Apex or AMFD.  (ECF 277 at 8.)  As such, any damages claim by Mr. Oswald is also limited to alleged reputational harms.

However, there is no evidence in this case that Mr. Oswald's reputation was harmed in any way.  He was not investigated, not indicted, and not named in any press release.  There is no allegation that Apex and AMFD collapsed or that he lost his investments in them because the public thought poorly of Darrell Oswald.  Indeed, at his deposition, Mr. Oswald repeatedly described himself as "successful" and was unable to deny that he has cleared millions of dollars in capital transactions since the events giving rise to this lawsuit.  (*See* Oswald Dep. Tr. at, *e.g.*, 276:1-278:11, 289:7-15.)

In his witness statement, Mr. Oswald does not even squarely allege any reputational damages, nor any causal link to Lattice's conduct.  Instead, he merely states that his association with Apex "affect[ed]" his reputation and standing, and then lists instances in which he discussed the de Jarays with third parties, followed by nothing happening:

- "Mr. Oswald will testify that he felt compelled to offer his resignation from PH&N because he feared his association with Apex would tarnish the firm's reputation, ***although his resignation was not accepted***."
- "[I]n or around 2017, he was approached to serve on the Advisory Board of Perimeter Medical Imaging" and "was forced to explain his connections to Apex and the de Jarays.  Mr. Oswald will testify that he ultimately did not join Perimeter's Advisory Board."
- "[I]n or around 2018, he was approached by Grayhawk Wealth to take on an active role in the company," and "explain[ed] his connections to Apex and the de Jarays.  Mr. Oswald will testify that he ultimately did not take on the contemplated role."

(ECF 313 at 11-12 (emphasis added).)

At most, this proffer may indicate that Mr. Oswald felt a sense of personal embarrassment over his misguided investment decisions, but it is a far cry from suggesting any actual harm to his reputation.  Even if Mr. Oswald were to expressly allege that Lattice's conduct caused him some reputational injury, such a claim would be unsupported by any admissible evidence for the same reasons as Ms. de Jaray's allegations discussed above.  He cannot recover

for non-economic injuries to his reputation; Plaintiffs have submitted no evidence from which a jury could quantify the value of any alleged opportunities with Perimeter or Grayhawk; and there is no admissible testimony concerning the reasons any such opportunities were not realized.

Mr. Oswald is simply an arm's-length investor who impermissibly sought to recover Apex's and AMFD's lost share value in contravention of the shareholder standing rule.  The Court has rejected that argument (ECF 277 at 8), and his claims should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Lattice respectfully requests that judgment be entered in its favor on the remaining claims of Plaintiffs Perienne de Jaray and Darrell Oswald, and that those claims be dismissed in their entirety.

Dated this 22nd day of January, 2024.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    *s/ Jason A. Wrubleski*
         Nika Aldrich, OSB #160306
         Scott D. Eads, OSB #910400
         Jason A. Wrubleski, OSB #120524
         Telephone: 503-222-9981
         Facsimile: 503-796-2900

         Derek F. Foran (*pro hac vice*)
         STEPTOE LLP
         Telephone: 415-365-6700

         Geoffrey L. Warner (*pro hac vice*)
         Email: gwarner@steptoe.com
         STEPTOE LLP
         633 West Fifth Street, Suite 1900
         Los Angeles, CA 90071
         Telephone: 213-439-9421

         Andrew J. Sloniewsky (*pro hac vice*)
         Email: asloniewsky@steptoe.com

STEPTOE LLP
1330 Connecticut Avenue, NW
Washington D.C. 20036
Telephone:  202-429-6759

James P. Bennett (*pro hac vice*)
Email: jbennett@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: 510-906-4905

*Attorneys for Defendant*