# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN A.W. DE JARAY,** **PERIENNE DE JARAY,** **DARRELL R. OSWALD**, and **APEX-MICRO MANUFACTURING CORPORATION**,<br><br>Plaintiffs,<br><br>v.<br><br>**LATTICE SEMICONDUCTOR CORPORATION**,<br><br>Defendant. | Case No. 3:19-cv-86-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON PRETRIAL DOCUMENTS** |

Joshua Berman, Elizabeth A. Moore, Zachary D. Melvin, Laura Logsdon, and Rita A. Fishman, PAUL HASTINGS LLP, 200 Park Avenue, New York, NY 10166; Isaac S. Glassman and Kimberly Anne Havlin, WHITE & CASE LLP, 1221 Avenue of the Americas, New York, NY 10020; Scott T. Weingaertner, GOODWIN PROCTER LLP, 620 Eighth Avenue, New York, NY 10018; and Timothy S. DeJong, Lydia Anderson-Dana, and Elizabeth K. Bailey, STOLL STOLL BERNE LOKTING & SHLACHTER PC, 209 SW Oak Street, Suite 500, Portland, OR 97204, Of Attorneys for Plaintiffs.

Derek F. Foran, STEPTOE LLP, One Market Plaza, Steuart Tower, Suite 1070, San Francisco, CA 94105; Geoffrey L. Warner, STEPTOE LLP, 633 West Fifth Street, Suite 1900, Los Angeles, CA 90071; Andrew J. Sloniewsky, STEPTOE LLP, 1330 Connecticut Avenue NW, Washington, D.C. 20036; James P. Bennett and Wendy J. Ray, THE NORTON LAW FIRM PC, 299 Third Street, Suite 200, Oakland, CA 94607; and Nicholas F. Aldrich Jr., Scott D. Eads, and Jason A. Wrubleski, SCHWABE, WILLIAMSON & WYATT, PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

In this lawsuit, Plaintiffs Steven de Jaray, Perienne de Jaray, Darrell Oswald, and Apex-Micro Manufacturing Corporation (Apex) assert claims against Defendant Lattice Semiconductor Corporation (Lattice). Steven de Jaray and Apex allege common law negligence, negligent misrepresentation, and fraud. Apex also alleges breach of the implied covenant of good faith and fair dealing. The only remaining claim asserted by Plaintiffs Perienne de Jaray and Darrell Oswald is common law fraud.[1]

The parties have now filed their pretrial documents, and the Court has made pretrial rulings. Based on Plaintiffs' pretrial documents and the Court's pretrial rulings, Lattice orally moved for summary judgment against Ms. de Jaray and Mr. Oswald's claim of fraud.[2] Lattice argues that neither Ms. de Jaray nor Mr. Oswald can show recoverable damage, which is an element of a claim of common law fraud. After Lattice made its oral motion, the Court requested Lattice to file a memorandum in support, which Lattice has done. *See* ECF 449. The Court also gave Plaintiffs an opportunity to file a memorandum in opposition to Lattice's motion.

---

[1] In Plaintiffs' Second Amended Complaint, Perienne de Jaray and Darrell Oswald alleged claims of negligence, negligent misrepresentation, and fraud. ECF 256. After concluding that neither Ms. de Jaray nor Mr. Oswald alleged injury to person or property and that neither could show a special relationship with Lattice, the Court granted summary judgment to Lattice under the economic loss doctrine, ending their claims of negligence and negligent misrepresentation. ECF 277. Although the Court also held that Steven de Jaray could not show a special relationship with Lattice, he alleged damage to personal property. Thus, the Court allowed Mr. de Jaray's claims of negligence and negligent misrepresentation to proceed, along with his fraud claim. *Id*.

[2] *See Portsmouth Square Inc. v. S'holders Protective Comm*., 770 F.2d 866, 869 (9th Cir. 1985) ("If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law, a summary disposition of the case conserves scarce judicial resources. The court need not await a formal motion, or proceed to trial, under those circumstances.").

On January 24, 2024, at 2:15 p.m., the Court received an email from lead counsel for Plaintiffs, Joshua Berman, informing the Court that "Plaintiffs have elected not to oppose Lattice's Motion to remove Perienne de Jaray and Darrell Oswald as [P]laintiffs." Mr. Berman, however, noted that Plaintiffs continue to take exception to the Court's ruling that granted Defendant's Motion in Limine No. 7 and do not intend to waive that objection by not objecting to Lattice's pending motion for partial summary judgment. The Court's ruling excluded recovery of emotional distress damages by Perienne de Jaray, Darrell Oswald, and Steven de Jaray in connection with their claim of common law fraud. *See* ECF 432 at 26 (holding that "compensatory damages in an action for fraud are limited to a plaintiff's pecuniary loss"). Plaintiffs' continued objection to that ruling is noted and preserved.

Because neither Perienne de Jaray nor Darrell Oswald have damages recoverable under their claim of fraud, the Court GRANTS Defendant Lattice Semiconductor Corporation's Motion for Partial Summary Judgment. ECF 449. Accordingly, the Court dismisses both Ms. de Jaray and Mr. Oswald as Plaintiffs. Only Steven de Jaray and Apex may proceed to trial against Defendant.

**IT IS SO ORDERED**.

DATED this 24th day of January, 2024.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge