**TIMOTHY S. DEJONG**, OSB NO. 940662
EMAIL: TDEJONG@STOLLBERNE.COM
**LYDIA ANDERSON-DANA**, OSB NO. 166167
EMAIL: LANDERSONDANA@STOLLBERNE.COM
**ELIZABETH K. BAILEY**, OSB NO. 172956
EMAIL: EBAILEY@STOLLBERNE.COM
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW OAK STREET, SUITE 500
PORTLAND, OR 97204
TELEPHONE: (503) 227-1600

**JOSHUA BERMAN** (PRO HAC VICE)
EMAIL: JOSHUABERMAN@PAULHASTINGS.COM
**ELIZABETH A. MOORE** (PRO HAC VICE)
EMAIL: ELIZABETHMOORE@PAULHASTINGS.COM
**ZACHARY D. MELVIN** (PRO HAC VICE)
EMAIL: ZACHARYMELVIN@PAULHASTINGS.COM
**LAURA LOGSDON** (PRO HAC VICE)
EMAIL: LAURALOGSDON@PAULHASTINGS.COM
**RITA A. FISHMAN** (PRO HAC VICE)
EMAIL: RITAFISHMAN@PAULHASTINGS.COM
PAUL HASTINGS LLP
200 PARK AVENUE
NEW YORK, NY 10166
TELEPHONE: (212) 318-6062

*COUNSEL FOR PLAINTIFFS STEVEN A.W. DE JARAY
AND APEX-MICRO MANUFACTURING CORP.*
[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| STEVEN A.W. DE JARAY and APEX MICRO MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>LATTICE SEMICONDUCTOR CORPORATION, an Oregon-headquartered Delaware Corporation,<br><br>Defendant. | INDEX NO. 3:19-cv-00086-SI<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT LATTICE'S MOTION TO ADMIT DX-484, 503, 537, 577, 604, 605, 655 AND 657 INTO EVIDENCE** |

Lattice seeks permission to introduce DX-484, 503, 547, 577, 604, 605, 655, and 657 ("the Documents") into evidence. The Documents should be excluded.

I. **The Documents Are Hearsay And Do Not Fall Into Any Exception**

Lattice cannot genuinely dispute that the Documents are being offered for the truth of the matter asserted. The "truth" Lattice wants to prove is specifically that de Jarays committed an export crime. No other objective that can sincerely be claimed.

The Documents suffer from a common problem: Canada's Department of Justice disavowed (or at least cast significant doubt on) each of exhibits DX-484, 503, 547, 577, 604, 605, 655, and 657 when it dropped both charges against the de Jarays and – although Plaintiffs cannot, at present, discuss it before the jury – Canada cut a civil settlement check to Mr. de Jaray.[1] Lattice should not be permitted to introduce the Documents in this proceeding in order to create a "trial-within-a-trial" concerning the de Jarays' guilt or innocence of export crimes. Two governments have resolved that question.

A. **Lattice's Exhibits are not "Factual Findings from a Legally Authorized Investigation" Such That They Are Admissible Under Rule 803(8)(A)(iii)**

In a legal system where defendants are presumed innocent—which obtains both here and in Canada— reports of investigators *preceding* a charging decision (to say nothing of abandoned charges or charges never brought) cannot fall under the rubric of "factual findings" for purposes of FRE 803(A)(iii). Moreover, the Documents are not fully realized "findings," but rather piecemeal observations that were part of a subsequently abandoned prosecution. DX-503 was drafted for the limited purpose of obtaining a search warrant. DX-537 was an "application to obtain a production order." DX-655 was a "technical assessment." DX-577 was email

---

[1] Further – although Plaintiffs cannot explain this in front of the jury – the Court is aware that the U.S., which was likely in possession of the Documents, declined to charge the de Jarays at all.

correspondence between a CBSA investigator and an engineering advisor in another agency. DX-484 is an email with an attachment containing a summary of certain observations made by an engineering advisor in the expert controls division. DX-604, 605, and 657 are purported summary charts of another party's documents, which have no identified author at all. Each document was prepared as part of an investigation-in-progress, and composed a part of CBSA's charging recommendation to Canada's DOJ, which had ultimate authority in the context of a criminal prosecution. When Canada's DOJ dropped all charges against the de Jarays, it necessarily disavowed – or at least declined to rely upon – the Documents Lattice now wants to admit. Such documents are not admissible. *See Smith v. Isuzu Motors,* 137 F.3d 859, 862 (5th Cir. 1998) (memoranda prepared by staff members of the National Highway Traffic Safety Administration do not reflect 'factual findings' where "they embody the positions and opinions of individual staff members, which the agency ultimately declined to accept" and are therefore not public records under 803(8)(C)); *Toole v. McClintock*, 999 F.2d 1430, 1434-35 (11th Cir. 1993) ("Rule 803 makes no exception for tentative or interim reports subject to revision and review."). Moreover, the Varga Affidavits and Liska Reports (DX-503, DX-537, DX-484, DX-577, and DX-655) contain legal conclusions on their respective faces. The law is clear that legal conclusions are not "factual findings" under FRE 803(8)(A)(iii). *See, e.g., EEOC v. Columbia Alaska Reg'l Hosp.*, 126 F. App'x 382, 383-84 (9th Cir. 2005) ("Even if the report were admitted under Federal Rule of Evidence 803(8)(C), the investigator's legal conclusion that the evidence constituted a prima facie case of discrimination would not have been admissible."); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) ("Pure legal conclusions are not admissible as factual findings."); *Dykzeul v. Charter Communs.*, No. CV 18-5826 DSF (GJSx), 2021 U.S. Dist. LEXIS 194591, at *32-33 (C.D. Cal. Feb. 3, 2021) ("For the public

records and reports exception to the rule against hearsay to apply, 'the report must contain 'factual findings' that are 'based upon the knowledge or observations of the preparer of the report,' as opposed to a mere collection of statements from a witness.").

### B. The Varga Affidavits [DX-503 and DX-537] Contain Hearsay within Hearsay And Are Inadmissible For That Reason

DX-503 and DX-537 are hundred and multi-hundred paragraph interim reports by agency investigators that are filled with references to statements made by third parties. These statements would have been inadmissible hearsay in a criminal trial against the de Jarays (had such a trial ever taken place), and would be double hearsay in this action. *See Angov v. Lynch*, 788 F.3d 893, 915 (9th Cir. 2015) ("Statements made by third persons under no business duty to report are not entitled to the presumption of reliability and cannot be considered subject to the presumption, even if included in a document that enjoys such a presumption."); *Coughlin v. Tailhook Ass'n*, 1994 U.S. Dist. LEXIS 21745, at *3 (D. Nev. Sep. 2, 1994) (finding "Department of Defense Inspector General's Report not sufficiently trustworthy" under the public records exception to hearsay because, among other things, "the report [was] replete with double hearsay and summaries of testimony attributed to various unidentified individuals who were not subject to cross-examination."). For example, DX-537 contains numerous descriptions of conversations between and among third parties, including statements allegedly made by FedEx Security, statements from a company named "Statistics Canada," statements from "Telus Corporate Security," statements purportedly made by John Keen to investigators, statements purportedly made by April Zhang to investigators, statements from employees at HSBC, as well as statements from various emails, websites, and databases that are not in evidence, and which Lattice does not even request permission to offer. Such documents should not be allowed.

### C. The Exhibits Are Not Admissible As Public Records Under FRE 803 Because They Fail To Meet the Trustworthiness Requirement under 803(B)

*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 778 (9th Cir. 2010) is directly on point. In *Sullivan*, the Ninth Circuit upheld the district court's decision to exclude portions of a Department of Labor report as untrustworthy. The Court found that the report untrustworthy because, among other things, the "DOL did not issue the report or send it to either party at any time before this litigation; rather, it became available only because Plaintiff filed a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552." *Id*. Here, the CBSA did not issue the Documents or send them to either party at any time before this litigation. Rather, the Documents were provided in response to a Letter Rogatory issued by this Court [DX-655, DX-503; DX-537; DX-604; DX-605, DX-657], and/or as *Brady* evidence in connection with Mr. de Jaray's defense of the Canadian charges and U.S. investigation.

Rule 803(8) does not permit the admission of public records in which the sources of information for the records or other circumstances indicate a lack of trustworthiness. *See* Fed. R. Evid. 803(8)(B). In determining the trustworthiness of alleged public records, the Advisory Committee for the Federal Rules of Evidence has articulated four factors to be considered: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 n.11, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988). The Documents fail the test. Each was prepared during an ongoing investigation, and no hearing was ever held by a tribunal either in the U.S. or Canada. Consequently, they should not be admitted into evidence. *See S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011) (barring report as inadmissible under the 803(8) exception to hearsay because, among other things, "no type of formal investigative hearing was held.").

## II. Exhibits DX-604, DX-605, DX-657 are Not Admissible under FRE 1006

Lattice argues that DX-604, DX-605, and DX-657 are "admissible summary charts under FRE 1006." ECF 488 at 6. Lattice is incorrect and the authorities it cites do not support its argument. The decisions in *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) and *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1516 (9th Cir. 1985) do not address the admissibility of a summary prepared by a non-testifying third party. *See Rizk*, 660 F.3d at 1130 (admitting prosecutor's own summary charts in a criminal case); *Summa*, 751 F.2d at 1516 (allowing admission of summary charts prepared by a party to the dispute). The charts Lattice wishes to admit are summary charts purportedly prepared by investigators in an abandoned prosecution from over a decade ago in *another* jurisdiction, and plaintiffs have no ability to confront or question them in this proceeding. The court in *Rizk*, like cases throughout the Ninth Circuit, emphasized that it was admitting the summary reports in question because the party was going to have the chance to cross-examine the witness who prepared them at trial. *See also United States v. Weathers*, 2007 U.S. App. LEXIS 276, at **2 (9th Cir. 2007); *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 515 n. 9 (9th Cir.1985) (holding that a "self-calculated" and "unverified" summary was properly admitted because the underlying records supporting the summary were made available to the other party and the party was given "ample opportunity to cross-examine" the person who oversaw the preparation of the summary). Plaintiffs have no such ability here. Indeed, here, no author for the summary charts is identified at all; they are of completely unknown provenance.[2]

## III. The Documents Should be Excluded Because Lattice Offers No Witness to Sponsor Them

---

[2] This is one of the reasons that documents cannot come in without a sponsoring witness. *See* Section III.

The Court has made clear, in the context of excluding exhibits that Plaintiffs wished to offer, that documents cannot be introduced into evidence without a witness to sponsor them. For example, just this morning the court prohibited Plaintiffs from introducing documentary evidence of Lattice's three meetings with the FBI in the immediate lead-up to the raids on Apex and Mr. de Jaray's home, on the ground that Mr. de Jaray was not the right witness through whom to introduce those documents (and Plaintiffs will now have to try to introduce them into evidence from a witness with percipient knowledge). Likewise, the Court ruled that Plaintiffs could not introduce into evidence certain documents from Mr. de Jaray's settlement with Canada because Plaintiffs could have, but did not, attempt to subpoena the signatory. Having benefitted from the "no sponsoring witness" argument, Lattice should not be permitted to offer the Documents into evidence without one.

## IV.   The Proposed Exhibits Will Multiply And Confuse The Issues For The Jury And Would Be Highly Prejudicial

Allowing the Documents – which are voluminous – into evidence would both multiply and confuse the issues the jury is required to resolve. As noted above, the practical effect of allowing Lattice to introduce the Documents would be to create a "mini-trial" within this proceeding as to the de Jarays' guilt or innocence of the export crimes Canada abandoned and the U.S. declined to bring. Lattice should not be given a *de* facto third bite at the prosecutorial apple; the prejudice to Plaintiffs would plainly outweigh the probative value of the Documents. *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1245 (9th Cir. 2004)("[A]ny kind of evidence may be excluded if its probative value will be substantially outweighed by its prejudicial impact"); *see also Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 393 F.3d 755, 764 (8th Cir. 2005) (affirming District Court's decision to exclude U.S. Patent and Trademark Office's "tentative opinion" because "the agency opinion had the potential to unfairly prejudice

the defendants if the jury mistakenly viewed it as an official government position on the critical confusion issue that the jury had to decide.")

V.  **If The Court Does Permit Lattice To Introduce The Documents, All Limits On Plaintiffs' Ability To Discuss The Canadian Settlement, Including Its Payment Of Money Damages To Mr. de Jaray, Should Be Lifted**

If the Court declines to accept the foregoing arguments, and permits Lattice to offer the Documents into evidence, it should remove the currently-in-place limitations on Plaintiffs' ability to introduce all evidence of Canada's settlement with Mr. de Jaray. Basic fairness dictates that if Lattice is allowed to develop a full evidentiary record with documents and materials concerning Canada's investigation of the de Jarays, Plaintiffs should be allowed to tell the jury how that investigation ended.

Dated this 8th day of February, 2024                 PAUL HASTINGS LLP

                                                     By: /s/ Joshua A. Berman
                                                         Joshua A. Berman
                                                         joshuaberman@paulhastings.com
                                                         200 Park Avenue
                                                         New York, New York  10166
                                                         Telephone:  1(212) 318-6000
                                                         Facsimile:  1(212) 319-4090

                                                     *Attorneys for Plaintiffs*