IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN A.W. DE JARAY, PERIENNE DE JARAY, DARRELL R. OSWALD**, and **APEX-MICRO MANUFACTURING CORPORATION**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**LATTICE SEMICONDUCTOR CORPORATION**,<br><br>        Defendant. | Case No. 3:19-cv-86-SI<br><br>**ORDER ON EVIDENTIARY MOTIONS** |

Joshua Berman, Elizabeth A. Moore, Zachary D. Melvin, Laura Logsdon, and Rita A. Fishman, PAUL HASTINGS LLP, 200 Park Avenue, New York, NY 10166; Isaac S. Glassman and Kimberly Anne Havlin, WHITE & CASE LLP, 1221 Avenue of the Americas, New York, NY 10020; Scott T. Weingaertner, GOODWIN PROCTER LLP, 620 Eighth Avenue, New York, NY 10018; and Timothy S. DeJong, Lydia Anderson-Dana, and Elizabeth K. Bailey, STOLL STOLL BERNE LOKTING & SHLACHTER PC, 209 SW Oak Street, Suite 500, Portland, OR 97204, Of Attorneys for Plaintiffs.

Derek F. Foran, STEPTOE LLP, One Market Plaza, Steuart Tower, Suite 1070, San Francisco, CA 94105; Geoffrey L. Warner, STEPTOE LLP, 633 West Fifth Street, Suite 1900, Los Angeles, CA 90071; Andrew J. Sloniewsky, STEPTOE LLP, 1330 Connecticut Avenue NW, Washington, D.C. 20036; James P. Bennett and Wendy J. Ray, THE NORTON LAW FIRM PC, 299 Third Street, Suite 200, Oakland, CA 94607; and Nicholas F. Aldrich Jr., Scott D. Eads, and Jason A. Wrubleski, SCHWABE, WILLIAMSON & WYATT, PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Now before the Court are two evidentiary motions, one presented by Defendant and the other by Plaintiffs.

### DEFENDANT'S MOTION REGARDING ROBERT HALE

The parties have designated excerpts from the video-recorded deposition of Robert Hale, and the Court previously has ruled on the parties' objections. By email sent on February 9, 2024, at 12:13 a.m., Defendant raises the following:

> As we get ready to cut and play Mr. Hale's video (hopefully tomorrow), there are two portions of it for which we seek guidance from the Court. Those segments are as 157:08-157:18, 197:12-197:22. I am attaching the relevant portions of transcript for the Court's review.
>
> Both were segments designated by Plaintiffs, and both, to our view, go to reputational injury (which is no longer relevant), and neither is provided in the form of character evidence that would be admissible under Fed. R. Evid. 608. For example, neither of these portions of testimony concerns Mr. de Jaray's alleged "character for truthfulness" as would be required under Rule 608(a). Page 157 speculates from a then-former employee without any personal knowledge of the "raid" that it allegedly "ruined the man's credibility." However, beyond his lack of personal knowledge, Mr. Hale does not speak to what that "credibility" was. Page 197 speaks in hypothetical terms about why an entrepreneur would not commit a crime. Neither is sufficient under Rule 608(a).
>
> These portions were discussed briefly on the record at page 26 of the final pretrial conference in the case, where the Court tentatively excluded at least one of them. We respectfully request the Court's guidance on these portions of testimony so that we can prepare the final video.

The Court has reviewed the referenced excerpts.

In the first, Defendant objects to that portion of Mr. Hale's answer in which he states:

> When the border guys raided their facility, I'm sorry, you have just ruined the man's credibility, I mean, it's public notice, I mean, how do you run a business after that. And I'm not -- at that time I

PAGE 2 – ORDER ON EVIDENTIARY MOTIONS

> was not the biggest Steve De Jaray fan of the world, but I will also tell you what took place against him was just -- it was a witch hunt.
>
> Q. Okay. A witch hunt by CBSA?
>
> A. Yes, I guess which was all started from your client that's paying your bill.

Hale Tr. 157:8-18. The Court will allow the portion that appears at Tr. 157:8-15 because it also relates to Apex's claim for lost value. **The portion that appears at Tr. 157:16-18, however, impermissibly opines on Defendant's liability in this case. That portion is stricken and excluded.**

In the second, Defendant objects to that portion of Mr. Hale's answer in which he states:

> Q. At any point during your association with Steve De Jaray prior to the time that you left Apex did you have any reason to believe whatsoever that Steve De Jaray or anybody at his direction was shipping or selling products to China in any manner that was against the Canadian law?
>
> \*   \*   \*
>
> THE WITNESS: Oh, I was not aware. Steve would never do anything like that. I mean, he would not jeopardize his -- this man was an affluent West Vancouver person. He would not do anything -- and this guy was a pretty true-blue Canadian. This guy would not do anything to jeopardize his life, his livelihood, his being in business. His being an entrepreneur you are relying on your credibility to sell a company. How do you -- this guy would not do anything to jeopardize his ability to live.

Hale Tr. 196:24:197:22. The Court is satisfied that this testimony is inadmissible. It is <u>not</u> evidence of Mr. de Jaray's character for truthfulness under Rule 608(a) of the Federal Rules of Evidence. **This portion is stricken and excluded**.

## PLAINTIFFS' MOTION REGARDING

By email sent on February 9, 2024, 12:21 a.m., Plaintiffs raise the following:

> It is our understanding that Lattice intends to call Mr. Robert Alvarado as a witness tomorrow.

PAGE 3 – ORDER ON EVIDENTIARY MOTIONS

In his lay witness statement, Lattice indicates that Mr. Alvarado plans to testify, among other things, as follows:

> Mr. Alvarado's understanding, based on decades working in the semiconductor industry, is the temperature range -55°c to +125°c is associated with military-grade products. He has never heard of anyone being confused by a distinction based on case or ambient temperatures. . .

*See* ECF 329, at 28.

Plaintiffs timely objected to this portion of Mr. Alvarado's proposed testimony. See ECF 382, at 13. The proposed testimony is impermissible opinion testimony from a lay witness. In essence, Lattice simply substituted the word "understanding" in quoted sentence above for the word "opinion." Lattice called its expert witness Dr. Baker today. Dr. Baker's entire report dated June 24, 2022 addressed the distinction between case and ambient temperatures, and took the (scientifically untenable) position that an FPLD can be rated for operation to identical case and ambient temperature values. Lattice concluded its examination of Dr. Baker this afternoon and elected – after hearing from Jack Berg that Dr. Baker's position contravened the laws of physics – not to elicit any testimony on this topic from its own expert. Plaintiffs respectfully submit that Lattice should not be permitted to elicit outright opinion testimony from a lay witness who was never designated as an expert.

Additionally, Lattice indicates that Mr. Alvarado plans to testify that "[b]ased on his extensive experience and training in the industry, Mr. Alvarado understands that military-grade products are export controlled." See ECF 329, at 28. In addition to being improper opinion testimony, Mr. Alvarado lacks the requisite personal knowledge to testify to this matter. Mr. Alvarado, who was responsible for electrical testing of devices during manufacturing, was not involved in export control classification decisions at Lattice. Indeed, when asked during his deposition whether he knew whether all devices with a temperature range of "minus 55 to plus 125 case, ambient, and junction, are – require permits prior to them being shipped to China," Mr. Alvarado responded "It would – would be speculation on my account. I don't know. Again, like I think I said before, I would hope so but I don't know for a fact."

To date, the Court has not ruled on Plaintiffs' objection. Plaintiffs request that the Court issue a ruling on its objection prior to Mr.

PAGE 4 – ORDER ON EVIDENTIARY MOTIONS

Alvarado taking the stand and respectfully submit that the objected to testimony, which consists of the entire paragraph beginning with the words "Mr. Alvarado's understanding, based on" be excluded.

Whether this testimony from Mr. Alvarado is percipient testimony or expert opinion testimony is a close call. On balance the Court concludes that this is percipient testimony that Mr. Alvarado may provide. Plaintiffs' objection is overruled.

**IT IS SO ORDERED**.

DATED this 9th day of February, 2024.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge