**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**Derek F. Foran** (*pro hac vice*)
Email: dforan@steptoe.com
STEPTOE LLP
One Market Plaza
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: 415-365-6700

(Additional Counsel Shown on Signature Page)

  *Of Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN A. W. DE JARAY, PERIENNE DE JARAY, DARRELL R. OSWALD,** and **APEX-MICRO MANUFACTURING CORPORATION**<br><br>      Plaintiffs,<br><br>   vs.<br><br>**LATTICE SEMICONDUCTOR CORPORATION**, and **JOHN** and **JANE DOES 1-20**,<br><br>      Defendants. | Case No. 3:19-cv-00086-SI<br><br>**DEFENDANT LATTICE SEMICONDUCTOR CORPORATION'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS** |

Page 1 -   LATTICE'S RESPONSE TO PLAINTIFFS' OBJECTIONS
            TO LATTICE'S BILL OF COSTS

"Taxable costs are necessarily unique to the scope, complexity, duration and nature of an action."[1]  This case was litigated for over five years on claims seeking over $268 million in alleged damages, and involved extensive international discovery around events that took place in Canada.  While Lattice reduces its Bill of Costs by certain amounts noted herein (such as for two first-class plane tickets that were overlooked on its initial filing), Lattice's taxable costs were otherwise necessarily incurred, are taxable by law, and are commensurate with other lawsuits of this size and duration.  Lattice should be awarded **$196,631.71** in taxable costs as detailed herein.

## I. THE COURT SHOULD REJECT PLAINTIFFS' INVITATION TO DECLINE ANY TAXATION OF COSTS

Lattice should be awarded its taxable expenses.  *Escriba* was a case brought by a poultry plant worker earning less than $12,000/year, and involved close questions of fact and important questions of law under the Family and Medical Leave Act.  *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-49 (9th Cir. 2014).  By contrast, *de Jaray v. Lattice* was a case brought by a wealthy financier and his business partner on fraudulent claims that survived through trial only on the basis of Plaintiffs' extensive false testimony.  Each of the *Escriba* factors identified by Plaintiffs in fact weighs in favor of a costs award.

*Factor 2.*  As detailed in Lattice's sanctions motion filed herewith, the issues in this case were not close and the claims were without merit.  Even with their pervasive false testimony, most of Plaintiffs' claims did not survive summary judgment (ECF 255, 277), and others were disposed of during trial.  Out of 19 discrete claims pled by four Plaintiffs,[2] only Apex-Micro Manufacturing Corp.'s fraud and contract claims were ultimately put to the jury, who then took only about two hours to return a complete defense verdict for Lattice.  (*See* ECF 510.)

---

[1] *Gabriel Techs. Corp. v. Qualcomm Inc.*, 2010 WL 3718848, at *13 n. 8 (S.D. Cal. Sept. 20, 2010).

[2] Steven de Jaray, Perienne de Jaray, and Darrell Oswald each brought claims for fraud, negligence, negligent misrepresentation, breach of contract, and Lanham Act false advertising. Apex brought claims for fraud, negligence, negligent misrepresentation, and breach of contract.

***Factor 3.***  *Escriba* factor 3 is "the chilling effect on future similar actions."  Plaintiffs in this action are not, as they put it, "most individual litigants." (ECF 545 at 3.)  By their own account, Plaintiffs "spent many millions of dollars litigating this case" (ECF 260 at 2-3), paid to four different law firms over more than five years to push claims seeking over $268 million.  Lattice's costs are not atypical for the kind of large-scale commercial dispute that Plaintiffs brought and litigated,³ and there is no basis to believe such an award would unduly discourage similar actions in the future.

***Factors 4/5.***  These factors concern Plaintiffs' ability to pay, but for Plaintiffs Steven de Jaray and Darrell Oswald, Plaintiffs offer no argument or evidence to suggest they cannot, instead merely stating they "are retired." (ECF 545 at 4.)  All three individual Plaintiffs were able to pay "many millions of dollars" to the 22 lawyers who have appeared on their behalf in this lawsuit, and Ms. de Jaray has even separately appealed the judgment.  (ECF 520.)

## II.     LATTICE SHOULD BE AWARDED $196,631.71 IN TAXABLE COSTS

### A.     Deposition Costs

***Video Recording.***  "[M]ost courts agree that the costs of videotaping and transcribing a deposition are taxable if necessarily obtained for use in the case." *Miller v. J-M Mfg. Co.*, 2009 U.S. Dist. LEXIS 145345, at *5 (D. Or. June 22, 2009) (collecting authority).  Where witnesses "testified at trial by video," the weight of authority provides that "video depositions of [such witnesses], all of whom were outside the jurisdiction of the court, were 'necessarily obtained for use in the case' in order to perpetuate their testimony for trial and are recoverable." *Id.* at *8; *accord CP Anchorage Hotel 2 v. Unite Here! Local 878*, 2022 U.S. Dist. LEXIS 51445, at *12 (D. Alaska Mar. 22, 2022) ("recogniz[ing] the value of video recordings compared to reading a

---

³ *See, e.g., Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955 (9th Cir. 2013) (mostly affirming $622,036.38 cost award), *remand at* 2014 WL 573403 (N.D. Cal. Feb. 12, 2014) (reduced to $583,478.81); *Adidas Am., Inc. v. Payless Shoesource*, 2009 WL 302246, at *8 (D. Or. Feb. 9, 2009) (awarding $380,596.84 in taxable costs); *Gabriel Techs.*, 2010 WL 3718848, at *13 (setting bond on $291,580 in taxable costs).  It should also be noted the $216,443.67 that the Ninth Circuit characterized as "high" in 2000 (ECF 545 at 2), adjusted for inflation, would be around $394,000 today, or about twice Lattice's currently requested costs.

deposition transcript aloud at trial," allowing all such costs); *compare Hunt v. City of Portland*, 2011 WL 3555772, at *7 (D. Or. Aug. 11, 2011) (denying video costs specifically because witness "was present [at trial] and could have been questioned").[4] Costs for the 14 witnesses who testified at trial only via their videotaped depositions are taxable.

For the five extra-jurisdictional witnesses whose depositions were not played to the jury, the rule is that "[a] deposition need not be absolutely indispensable," but only "reasonably necessary at the time it was taken… ." *E.g. Howell v. Boyle*, 2009 U.S. Dist. LEXIS 115664, at *5 (D. Or. Dec. 10, 2009). As detailed in the accompanying Declaration of Derek Foran (herein, "Foran Decl."), each of these deposition costs was necessarily incurred. (Foran Decl. ¶¶ 2-6.) As it was the only way their testimony could reasonably have been perpetuated at trial (*Miller*, *CP Anchorage*, and *Hunt*, *supra*), video costs for those witnesses are taxable as explained above.

However, on review of their cited authority, Plaintiffs' objections concerning video costs associated with the deposition of Steven de Jaray are well-taken. Lattice withdraws its request for related video fees in the amount of **$2,792.50**. (*See*, *e.g.*, ECF 546-1 at lines 36, 37.)

***Expedition.*** Based on critical discovery that Plaintiffs withheld until after the close of fact discovery (*see* ECF 259 at 2-8), Lattice had to take nine depositions in Canada in the months before trial. Plaintiffs *agree* that expediting costs for at least some of those depositions are taxable, but would impose an unreasonable "cut-off" for depositions taken any more than just two weeks before Lattice's first wave of pre-trial submissions was due on December 13, 2023. (ECF 545 at 6 n. 4.) Plaintiffs ignore that at the same time Lattice was taking the post-discovery depositions, the parties were also litigating summary judgment issues for a new plaintiff (ECF

---

[4] Like *Hunt*, almost none of the other cases cited by Plaintiffs involved witnesses who could not be compelled to appear at trial. *See Rieman v. Evraz, Inc.*, 2019 WL 13241467, at *2 (D. Or. Aug. 15, 2019) (no mention of witness unavailability); *Davico v. Glaxosmithkline Pharms.*, 2008 WL 624049, at *1 (D. Or. Jan. 23, 2008) (same); *Brown v. Cascade Mgmt., Inc.*, 2018 WL 4207097, at *11 (D. Or. Sept. 4, 2018) (same); *Cleavenger v. University of Oregon*, 2016 WL 1065821, at *17-18 (D. Or. Mar. 16, 2016) (same); *Sneath v. Clackamas County*, 2019 WL 13308852, at *1 (D. Or. July 19, 2019) (referring only to "risk" deponent would not be available at trial, not their inevitable non-appearance).

Nos. 288-302), and that Lattice also had to prepare for and respond to Plaintiffs' first pre-trial wave served on November 20, 2023 (ECF Nos. 307-319). Lattice was already prejudiced for not having this testimony in hand when discovery closed in the spring of 2022, and it was reasonable to expedite each transcript for potential use in these concurrent pre-trial activities. *Compare Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d. 981, 1002 (N.D. Cal. 2005) (permitting costs where "most of the expedited transcripts were ordered in the three months before trial as discovery was concluding").

*Attendance fees.* "The large majority of courts to have considered the question have found that a court reporter's attendance fee is part of the transcript fee itself, and therefore is taxable." *Lerner & Rowe PC v. Brown Engstrand & Shelly LLC*, 2023 U.S. Dist. LEXIS 215799, at *1-3 (D. Ariz. Dec. 5, 2023) (collecting authority and explaining *Bosse v. Napolitano* is not to the contrary). Courts in this district regularly tax reporter appearance fees. *See, e.g, Apantac v. Avitech Int'l Corp.*, 2014 U.S. Dist. LEXIS 204147, at *6-7 (D. Or. Nov. 26, 2014); *McFarlin v. Gormley*, 2008 U.S. Dist. LEXIS 136361, at *6-8 (D. Or. April 10, 2008).

*"Discovery Depositions."* Plaintiffs confuse depositions taken "merely for discovery" with depositions *about* discovery. A deposition "may be taxed if taking [it] was reasonable as part of the pretrial preparation of the case… or if the deposition was required for a dispositive motion." *Arboireau v. Adidas Salomon AG*, 2002 U.S. Dist. LEXIS 20342, at *14 (D. Or. June 14, 2002). Document preservation issues for all three Plaintiffs were relevant to at least Lattice's laches defense to their Lanham Act claim, and Steven and Perienne de Jaray's 2020 depositions were even used on summary judgment for that point. (*See* ECF 143 at 36-37 (citing Exs. 61 and 64).)

*Processing Fees.* While their specific names may vary by provider, the fees Plaintiffs object to are all standard logistics and processing fees for any deposition conducted remotely or where electronic delivery is contemplated,[5] and are recoverable. *E.g. Waveform Techs., Inc. v.*

---

[5] For example, "AgileLaw" is software used to coordinate exhibit sharing in remote depositions; LEF and PTZ are common file types generated as part of many modern depositions;

*Dexcom, Inc.*, 2019 U.S. Dist. LEXIS 242035, at *6 (D. Or. Nov. 20, 2019) (awarding alleged "unexplained deposition fees" as "standard court reporter costs").

      B.    **Court Transcript Costs**

***Pretrial and trial dailies.*** "Daily transcripts in addition to final transcripts can be appropriate without prior approval of the trial court if the case is complex and the transcripts proved invaluable to both the counsel and the court." *Mass. Engineered Design, Inc. v. Planar Sys., Inc.*, 2019 U.S. Dist. LEXIS 250187, at *2-3 (D. Or. Jan. 24, 2019) (awarding costs for daily and final trial transcripts). Plaintiffs attempt—with some inaccuracies—to characterize this five-year, $268 million lawsuit about technical specifications for semiconductor chips as "not unusually complex," but one need only compare it to *Mass. Engineered* (which this Court found sufficiently complex to tax costs for dailies) to see that this case was more complex on every metric Plaintiffs argue should be considered (*see* ECF 545 at 7-8):

| Factor | *Mass. Engineered v. Planar*<br>D. Or. Case No. 3:16-cv-1510-SI | *de Jaray v. Lattice* |
|---|---|---|
| # of parties | 2 | 5 |
| # of claims | 6 (incl. four counterclaims) | 19 (fn. 2 above) |
| # of pretrial hearings[6] | 2 - ECF Nos. 279, 289 | 4 - ECF Nos. 345, 441, 442, 460 |
| length of time action pending | ~66 months<br>(5/5/2014-11/8/2019) | ~66 months and running<br>(12/18/2018-present) |
| length of trial | 11 days | 13 days |

As detailed in the Foran declaration, these transcripts were also invaluable to counsel, who studied them routinely in connection with various tasks at trial. (Foran Decl. ¶ 7.) The Court in *Mass. Engineered* stated the transcripts were also valuable to it "particularly given the ongoing motion practice the Court had to resolve while the trial was pending," which was similarly a feature in this case. (*See* ECF Nos. 461, 471, 478, 480, 488.) Contrary to Plaintiffs'

---

and "Premium Litigation Package" is just a fancy way to refer to those and similar files.

    [6] These counts include all pretrial docket entries noting that "pretrial matters [were] discussed." *Mass. Design* also had an earlier pretrial hearing (ECF 248), but the trial was thereafter continued and pretrial proceedings repeated.

suggestion, "sprawling, multi-district litigation" is not the only type of case in which daily trial transcripts are reasonably necessary and useful, and that expense is taxable.

Plaintiffs also point out that the invoice for these transcripts included a reference to "realtime files" at trial, which was not previously broken out.  (*See* ECF 515-4 at 7.)  Lattice does not seek to tax that expense, and accordingly reduces its request by **$19,020.90** per the revised reporter's invoice submitted herewith.  (Foran Decl. ¶ 8, Ex. 1.)

**Other hearing transcripts.**  "[C]osts incurred in obtaining court hearing transcripts are taxable costs."  *Murphy v. Precision Castparts Corp.*, 2021 U.S. Dist. LEXIS 190896, at *14 (D. Or. Oct. 4, 2021) (collecting authority).  That should end the inquiry.  Most of these transcripts were also specifically relied on by Lattice in court submissions.  (Foran Decl. ¶¶ 9-11.)

    **C.**    **Witness Costs**

**Mandatory witness attorneys' fees.**  "Fees and disbursements for printing and witnesses" are taxable.  28 U.S.C. § 1920(3).  The legal costs Lattice was required to pay on behalf of Canadian deponents were "disbursements for… witnesses."  *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) ("courts are free to interpret what constitutes taxable costs" within the bounds of Section 1920).  As has been explained, it was mandatory under Canadian law for Lattice to pay these expenses as a condition to taking the depositions.  (ECF 516 at ¶ 31.)[7]  While such expenses are not expressly enumerated in 28 U.S.C. § 1821, (1) Plaintiffs provide no authority that Section 1821 limits the disbursements available under Section 1920;[8] and (2) Section 1821 in any event sets out what witnesses must be paid "[e]xcept as otherwise provided by law."  28 U.S.C. § 1821(a)(1).  Here, Canadian law otherwise provides

---

[7] Plaintiffs assert that Lattice "agreed" to cover these expenses (ECF 545 at 8), but cites only to a Canadian court order *ordering* Lattice to pay them (ECF 546-4 at ¶ 10).  The fact that Lattice did not try to evade its legal obligations does not mean there is anything for it to "renege" on.

[8] *Compare Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987) (expert witness fees ordinarily not taxable beyond attendance fee set forth in Section 1821).  Plaintiffs also refer to the phrase "other than attorneys' fees" in Rule 54(d)(1), but this obviously refers to a prevailing party's own attorneys' fees, not to its costs paid to witnesses.

Page 7 -    LATTICE'S RESPONSE TO PLAINTIFFS' OBJECTIONS
              TO LATTICE'S BILL OF COSTS

that these additional disbursements must be made for testifying witnesses, and such costs have been held to be taxable. *See River Plate Corp. v. Forestal L. T. & R. Co.*, 185 F. Supp. 832, 838 (S.D.N.Y. 1960) (where party taking foreign depositions was required to pay a "reasonable counsel fee" on behalf of deponents, "the amount so paid [will] be a taxable cost").

It is also immaterial that in securing independent counsel for these witnesses, Lattice's counsel contacted attorneys known to them instead of drawing names out of a hat. The witnesses' attorneys spent time discussing the depositions with counsel on both sides of this case, and it is not "unfair" (ECF 545 at 9) that they should be compensated for preparing to defend their clients. These witness expenses were necessarily incurred and should be taxed.

***Travel expenses.*** When Lattice's Bill of Costs was filed, the undersigned inadvertently overlooked that its experts had not flown economy class to Portland. Where "[c]ourts have declined to award the entire cost of first-class tickets under § 1821(c)(1)," however, they "often reduce the requested airfare costs by 50 percent." *Gessele v. Jack in the Box, Inc.*, 2024 U.S. Dist. LEXIS 67942, at *95-96 (D. Or. April 14, 2024) (collecting authority, reducing taxed airfare). Accordingly, Lattice reduces its request on the objected-to costs of $5,256.17 by 50%, for a reduction of **$2,628.09**.

### D. Document Production Costs

Lattice seeks to recover its e-discovery costs associated with producing documents in this case, which the Ninth Circuit has explained are taxable:

> Section 1920(4) allows for the recovery of costs where the copies were obtained to be produced pursuant to Rule 34 or other discovery rules. … The faithful production of electronically stored information may require processes such as optical character recognition[], preservation of metadata, and conversion to a non-editable file format. Parties might agree to employ a particular file format or methodology for [ESI] production…. When copies are made in a fashion necessary to comply with obligations such as these, costs are taxable so long as the copies are also necessarily obtained for use in the case.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 927-28 (9th Cir. 2015). To that end, Lattice seeks reimbursement of invoice line items for "Production Analyst Time," as well as two types of expenses ("Data Filtering" and "Native File Processing") that appeared only in invoices

reflecting such document productions.

At least the "Production Analyst Time" entries (totaling $8,862) are taxable in full. While Plaintiffs object to certain broken-out costs for the generation of optical character recognition (OCR) and load files (ECF 545 at 10), *In re Online DVD-Rental* clearly states that such expenses may be recovered in connection with document productions (*supra*), and *all* of the Production Analyst's entries were expressly for "[p]reparation of production sets."[9]

As for the processing costs, Plaintiffs baselessly speculate that "Data Filtering" refers to "automated software… to identify which documents to copy" (ECF 545 at 9), but no automated document review processes were employed in this case. (Foran Decl. ¶ 12.) Instead, the invoices on their face describe the "Data Filtering" and "Native File Processing" costs as "[p]re-processing" and "[p]rocessing," respectively, "of native files." Conversion and other processing of native files is recoverable when undertaken in connection with a document production (*supra*), and these items appeared *only* on invoices that also reflected a document production. (Fn. 9.) However, as of this writing, Lattice has been unable to confirm with its vendor that the native files being processed were in fact all included in document productions, and so in an abundance of caution, Lattice voluntarily reduces the remaining $9,357.20 of its claimed production costs by 50%, for a reduction of **$4,678.60**.

E. **Exemplification and Copying Costs**

***Demonstratives.*** "In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids." *Maxwell v. Hapag-Lloyd AG*, 862 F.2d 767, 770 (9th Cir. 1988). Accordingly, District of Oregon courts routinely tax costs for the actual preparation of demonstrative exhibits for use at trial. *See, e.g., Tranxition, Inc. v. Novell, Inc.*, 2016 U.S. Dist. LEXIS 18137, at *3-4 (D. Or. Feb. 14, 2016); *Kibbee v. City of Portland*, 2000 U.S. Dist. LEXIS 17205, at *14-15 (D. Or. Oct. 12, 2000); *Flores-Haro v. City of Hillsboro*, 2018 U.S. Dist. LEXIS 246602, at *6-7 (D.

---

[9] *See* ECF 515-5 at pp. 3, 9, 11-13, 20, 22, 24, 26, 27, 29-31, 33, 35, 38, 40, 42, 45, 46.

Or. Aug. 21, 2018); *see also Nat'l Mgmt. Servs. v. Qwest Dex, Inc.*, 2006 U.S. Dist. LEXIS 107429, at *4-5 (D. Or. Feb. 23, 2006) (agreeing such costs are taxable).

Lattice incurred over $82,000 in costs for the production of demonstrative exhibits in this case, of which it seeks to recover a small fraction ($7,944) for clearly-delineated entries reflecting either "Graphics production – Opening," "Graphics production – Closing," or "Graphics production – Fayhee." (*See* ECF 515-7 at 1, 6-9.)[10] These entries obviously pertain to the specifically-identified PowerPoint presentations used at trial, and Plaintiffs cite no authority that would require a vendor to separately bill for each and every slide worked on.[11] *Compare, e.g., Tranxition,* 2016 U.S. Dist. LEXIS 18137, at *3-4 (approximating costs award to cover all entries relating to actual preparation of demonstratives). These costs are taxable.

***Copying costs.*** This Court has specifically taxed costs "for two sets of [opposing party]'s trial exhibits and three sets of [prevailing party]'s trial exhibits, in addition to [a] Judge's copy of exhibits" as reasonably necessary for trial. *Mass. Engineered,* 2019 U.S. Dist. LEXIS 250187, at *5 n. 5. As Plaintiffs acknowledge, that is what Lattice seeks to recover. Both sides in this case were represented by numerous attorneys and sizeable trial support teams, and it is not reasonable to expect trial to have been conducted with only one physical copy of a given set of exhibits to share between them all. Plaintiffs' objection on this point should be rejected.

Moreover, because all of these copies were of trial exhibits, having them reproduced color-for-color had "a sufficient nexus to the litigation for reimbursement." *Frevach v. Multnomah Cty.*, 2001 U.S. Dist. LEXIS 22255, at *94-95 (D. Or. 2001) (taxing costs for color copies of trial exhibits without further analysis). To the extent the Clerk is inclined to disallow any costs for being in color, those copies should be taxed at the rate for black-and-white copies

---

[10] Plaintiffs suggest another entry labeled "Graphics production" (ECF 515-7 at 9) is not sufficiently specific, but given the February 5, 2024 date of that time entry, it is clear that it reflected work on Lattice's closing presentation and/or Ryan Fayhee's witness presentation.

[11] Plaintiffs do suggest that "merely enlarging and highlighting exhibits for inclusion in a deck" would not be taxable. Lattice disagrees, but in any event, Plaintiffs have copies of all of the presentations referred to and do not point to any instance of this occurring.

Page 10 -   LATTICE'S RESPONSE TO PLAINTIFFS' OBJECTIONS
            TO LATTICE'S BILL OF COSTS

reflected in the same invoices as set forth below, and not disallowed entirely:

| Invoice # (ECF 515-7) | # of color pages | Cost invoiced | B&W rate | Cost @ B&W rate |
|---|---|---|---|---|
| 1223323 (p. 3) | 5,240 | $3,406.00 | 0.14 | $733.60 |
| 39378 (p. 5) | 4,823 | $4,099.55 | 0.12 | $578.76 |

Lattice does not seek recovery of a **$1,975.41** "delivery charge" (Inv. No. 1223323) that was inadvertently included in its Bill of Costs, and reduces its requested costs by that amount.

   F.  **Service Costs**

As courts in this district have repeatedly recognized, "When necessary to complete service on a witness, the prevailing party may recover costs for multiple service attempts and stakeouts." *Waveform Techs.*, 2019 U.S. Dist. LEXIS, at *11-12, citing *Howell v. Boyle*, 2009 U.S. Dist. LEXIS 115664, at *6 (D. Or. Dec. 10, 2009) (taxing costs for nine attempts at three different addresses). Lattice's costs for unsuccessful service attempts are taxable.

**II.  CONCLUSION**

For the foregoing reasons and as explained on its Bill of Costs, Lattice should be awarded its taxable expenses in the amount of **$196,631.71**. Those portions of Lattice's original request that have been withdrawn in view of Plaintiffs' objections are summarized below.

| **Expense** | **Reference** | **Reduction** |
|---|---|---|
| Video deposition costs – Steven de Jaray | P. 4 above; *see* ECF 546-1 at lines 36, 37 | *$2,792.50* |
| Realtime trial transcription | P. 7 above; *see* Foran Decl. Ex. 1 | *$19,020.90* |
| Non-economy airfare (50% reduction) | P. 8 above; *see* ECF 546-1 at lines 94-96 | *$2,628.09* |
| Data processing fees (50% reduction) | P. 9 above; *see* ECF 515-5 | *$4,678.60* |
| Delivery charge | *Supra*; *see* ECF 515-7 at p. 3 | *$1,975.41* |
| Previously requested costs (*e.g.* ECF 516 at p. 9) | | *$227,727.21* |
| **Total withdrawn expenses** | | *$31,095.50* |
| **Total taxable costs (revised)** | | **$196,631.71** |

Dated this 14th day of June, 2024.

                                                Respectfully submitted,

                                                SCHWABE, WILLIAMSON & WYATT, P.C.

By:   *s/ Jason A. Wrubleski*
       Nika Aldrich, OSB #160306
       Scott D. Eads, OSB #910400
       Jason A. Wrubleski, OSB #120524
       Telephone: 503-222-9981
       Facsimile: 503-796-2900

       Derek F. Foran (*pro hac vice*)
       STEPTOE LLP
       Telephone: 415-365-6700

       Geoffrey L. Warner (*pro hac vice*)
       Email: gwarner@steptoe.com
       STEPTOE LLP
       633 West Fifth Street, Suite 1900
       Los Angeles, CA 90071
       Telephone: 213-439-9421

       Andrew J. Sloniewsky (*pro hac vice*)
       Email: asloniewsky@steptoe.com
       STEPTOE LLP
       1330 Connecticut Avenue, NW
       Washington D.C. 20036
       Telephone:  202-429-6759

       James P. Bennett (*pro hac vice*)
       Email: jbennett@nortonlaw.com
       THE NORTON LAW FIRM PC
       299 Third Street, Suite 200
       Oakland, CA 94607
       Telephone: 510-906-4905

       *Attorneys for Defendant*